UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDRE PATRICK GANT,

    Plaintiff,

v.                                                     CASE NO. 8:24-cv-2236-SDM-TGW

SARASOTA MEMORIAL NORTHPORT,

    Defendant.
_____/

**ORDER**

Gant's complaint alleges that the defendants violated his civil rights by denying him health care. Gant neither moves for leave to proceed *in forma pauperis* nor pays the full $405 filing fee. Nevertheless, under either 28 U.S.C. § 1915(e) (if proceeding *in forma pauperis*) or 28 U.S.C. § 1915A (if the full filing fee is paid), the Prisoner Litigation Reform Act ("PLRA") requires a district court both to review the complaint and to dismiss the complaint if frivolous or malicious or for failing to state a claim upon "which relief may be granted."

Although the complaint is entitled to a generous interpretation, *Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*), this *pro se* complaint lacks merit. Gant alleges that on March 8th and March 16th he "went to Sarasota Memorial Northport

[Hospital] to be treated for parasites" but was instead "Baker Acted."  Gant states that he lost his job, was humiliated by his co-workers, and is now homeless.

Because the only named defendant is a hospital, the complaint fails to allege facts showing that the defendant acted under color of state law. *See generally Dennis v. Sparks*, 449 U.S. 24 (1980).  "As a matter of substantive constitutional law the state-action requirement reflects judicial recognition of the fact that 'most rights secured by the Constitution are protected only against infringement by governments.'" *Lugar v. Edmondson Oil Co.*, Inc., 457 U.S. 922, 936 (1982) (*quoting Flagg Brothers Inc. v. Brooks*, 436 U.S. 149, 156 (1978)).  The Fourteenth Amendment offers no protection against private conduct, no matter how wrongful, outrageous, or discriminatory. *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 349 (1974).

Additionally, the complaint fails to disclose in what year this incident allegedly occurred.  Although Section 1983 contains no limitation, the state's limitation controls.  Generally, the state limitation for a personal injury claim applies to a Section 1983 claim. *Wilson v. Garcia*, 471 U.S. 261, 276–79 (1985). *See Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003) ("Federal courts apply their forum state's statute of limitations for personal injury actions to actions brought pursuant to 42 U.S.C. § 1983.") (*per curiam*).  In Florida, the limitation for a personal injury, and derivatively for a Section 1983 claim, is four years.  Fla. Stat. § 95.11(3).

As shown above, Gant fails to state a claim upon which relief can be granted.  Amendment of the action would prove futile because Gant can state no valid Section

1983 claim for relief. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("A district court need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile.").

The complaint (Doc. 1) is **DISMISSED** under 28 U.S.C. § 1915(e) for failing to state a claim upon which relief can be granted. The clerk must enter a judgment against Gant and close this case.

ORDERED in Tampa, Florida, on October 4, 2024.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE